Archer PARR et al., Appellants,

v.

Bonnie M. WHITE, Administratrix, et al., Appellees.

No. 1036.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1976.

Rehearing Denied Nov. 24, 1976.

Oscar Spitz, Marshall Boykin, III, Corpus Christi, for appellants.

A. J. Pope, III, Corpus Christi, Homer E. Dean, Jr., Alice, David M. Coover, Asst. County Atty., Corpus Christi, Myron M. Sheinfeld, Houston, for appellees.

## OPINION

NYE, Chief Justice.

This case is an appeal from the judgment of the trial court dismissing Archer Parr's (plaintiff's) various causes of action and J & J Operating Company's cross-actions and interpleader action for lack of jurisdiction. From this judgment, Archer Parr and J & J Operating Company have perfected their appeal to this Court.

On December 19, 1974, Archer Parr, in his capacity as community administrator or alternatively, in his capacity as surviving partner of the marital partnership of himself and his deceased spouse, Jody Martin Parr, filed suit in the trial court against six separate defendants alleging separate causes of action against each defendant for conversion or interference with his alleged special community property, as follows:

First: appellant claimed a cause of action against J. Craig Cowgill for failure to turn over to him certain real and personal property, being held by Cowgill in his capacity as Receiver in bankruptcy. See opinion in Cause Number 1072, styled *J. Craig Cowgill, Receiver, Alamo Lumber Company,* and *Archer Parr v. Bonnie M. White, Individually and as Administratrix of the Estate of Jody Martin Parr, deceased.* 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1976) handed down this day.

Second: appellant asserted a cause of action against defendant Bonnie White for her action in filing an inventory and appraisement in the Estate of Jody Parr which he says constitutes a cloud upon the title to certain real property alleged to be the special community property of Archer Parr appellant. See Cause Number 1104, styled *Archer Parr v. Bonnie M. White.* 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976) handed down this day.

Third: appellants asserted a cause of action against Joe White alleging that White held certain personal property which he states constituted special community property belonging to appellant Archer Parr.

Fourth: appellant asserted a cause of action against Mark White alleging he held an automobile which constituted special community property of Archer Parr.

Fifth: appellant alleged a cause of action against Judge Margarito Garza alleging that an order by Judge Garza staying a previous order appointing appellant community administrator was void for lack of jurisdiction and asked the trial court to void the stay order and remove the cloud cast by said stay order on the title to the special community property of the appellant.

Sixth: appellant claimed a cause of action against J & J Operating Company alleging that said company had converted and refused to repay certain oil and gas royalties to which appellant was entitled by virtue of their classification as his special community property.

Appellant J & J Operating Company filed a cross-action against Bonnie White, Individually and as Administratrix on an indemnity agreement whereby Bonnie White agreed to indemnify J & J Operating Company for any loss, damage or expense incurred for wrongful payment of the oil and gas royalties from the real property in question. J & J Operating Company also sought by cross-action and interpleader to plead all funds then in its possession into the registry of the court for a determination of the ownership of these funds.

On June 16, 1975, appellee Bonnie White filed a motion to dismiss the suit for lack of jurisdiction. As grounds for dismissal, the appellee asserted that the Nueces County Probate Court where an administration of the Estate of Jody Parr was then pending had exclusive jurisdiction over the matters raised by appellants. On July 14, 1975, the trial court dismissed with prejudice all of the appellants' causes of action as to all defendants and the cross-actions for want of jurisdiction. On July 17, 1975, the trial court signed a second order of dismissal which again appears to have dismissed all causes of action, including the interpleader action, against all defendants and the cross-actions for lack of jurisdiction.

Before discussing the appellant's points of error, it is appropriate to define and explain the significance of special community property, community administrator and surviving partner. Section 5.22 of the Texas Family Code defines special community property as that property that the husband or wife would have owned if single. Such property includes personal earnings, revenue from separate property, recoveries for personal injuries and increase and mutations of and revenue from special community property. Section 161 of the Texas Probate Code provides for a community administration whenever an interest in community property passes to someone other than the surviving spouse if the deceased failed to name an executor in the Will or the named executor fails to qualify or the deceased spouse dies intestate. If no community administrator has qualified, the surviving spouse, as surviving partner of the marital partnership, remains entitled under § 177(b) of the Probate Code to retain possession and control of all his or her special community property.

The appellant's major point of error is that the trial court erred in dismissing the cause for want of jurisdiction. The controlling question presented by these points of error is whether the district court had jurisdiction to hear this cause of action under Art. 5, § 8, of the Constitution or the statutory probate court had exclusive jurisdic-

tion over this action under Art. 5, § 8, of the Constitution and § 5 of the Texas Probate Code. As in Cause Number 1072, styled "*J. Craig Cowgill, Receiver, Alamo Lumber Company, Archer Parr v. Bonnie M. White, Individually and as Administratrix of the Estate of Jody Martin Parr, Deceased*", supra, which was handed down this day, the basic question for our decision is whether or not these actions and cross-actions brought by the appellants were "incident to" the ultimate settlement, partition and distribution of the Estate of Jody Parr.

In order to determine whether each of the separate causes of action (including cross-actions) brought by the appellants were incident to the Estate of Jody Parr, we must look to each action to determine its true nature. In all of his alleged causes of action except for the action against Judge Garza, the appellant Archer Parr is seeking to either recover possession of, clear title to, or collect damages for the conversion of property he alleges to be his special community property. The first question any court presented with appellant Archer Parr's claims would have to decide is whether the property in question was the special community property of the appellant. Since an administration of the Estate of Archer Parr's deceased wife is also pending, the question of whether the property in question is community in nature is vital to the partition of the Estate. Under these circumstances, the actions raised by the appellant in reference to his alleged special community property were clearly incident to the partition of the Estate of Jody Parr and, therefore, were within the exclusive jurisdiction of the probate court to decide. We hold that the trial court did not err in dismissing these actions for want of jurisdiction.

Appellant Archer Parr also brought a cause of action against Judge Garza for his suspension of a previous order he entered appointing appellant Archer Parr community administrator of the Estate of Jody Parr. In effect, the appellant Parr is seeking appellate review of this action by the probate court without making any at-

tempt to perfect said review. In *Cluck v. Hester*, 521 S.W.2d 845 (Tex.Sup.1975), the Supreme Court reiterated that the 1973 Amendments to the Constitution and the Family Code did not abolish appeals to district courts from probate courts under appropriate circumstances by writ of certiorari. This question of appellate review in district court could only have been reviewed in the district court by a properly filed writ of certiorari. The record does not show that appellant Archer Parr appealed by filing a writ of certiorari. The trial court was correct in dismissing this particular action for lack of jurisdiction. We might add that appellant Parr was not harmed by the action of the probate court. Regardless of whether or not he was appointed community administrator under § 161 of the Probate Code, he is still entitled under § 177(b) of the Probate Code to retain possession and control over his special community property as the surviving spouse of the marital partnership.

Appellant J & J Operating Company brings the same general point of error as appellant Parr concerning the dismissal of its cause of action for lack of jurisdiction. J & J Operating Company was originally a defendant in the trial court. It filed a cross-action for interpleader and for declaratory judgment against appellant and appellee. J & J sought to interplead into the registry of the court certain monies it held which were claimed by appellant Parr, appellee White, as Administratrix of the Estate of Jody Parr, and Emilio Davila in his capacity as Receiver in Cause No. 8716 in the 229th District Court styled *First State Bank of San Diego et al. v. Archer Parr et al.* J & J also brought a cross-action for declaratory judgment against appellant Archer Parr and appellee for a determination of who had the right of control, transfer and to vote the stock of Jody Parr (deceased) now in their possession. J & J brought another cross-action against this appellee and attorney William Bonilla. This action was for indemnification for any wrongful payments made to Jody Parr pursuant to an agreement between J & J and

appellee and William Bonilla wherein appellee and William Bonilla agreed to hold J & J harmless and to indemnify J & J for any loss, damage or expense incurred in defending such claims.

Some, but not all of the cross-actions brought by the appellants are clearly incident to the ultimate settlement, partition and distribution of the Estate of Jody Parr. J & J's interpleader action is incident to the settlement or partition of the estate. The question of who is entitled to these funds must be determined by the probate court because said funds must either constitute part of the community assets of the estate or a claim against the estate. J & J's cause of action for declaratory judgment as to who is entitled to control, transfer and vote the stock of Jody Parr is also incident to the Estate of Jody Parr. The declaratory judgment that J & J is seeking is in reality a determination of who owns this stock. The question of ownership will determine whether the property is the separate or community property of Archer or Jody Parr. This question is incident to the ultimate partition of the Estate of Jody Parr.

On the other hand, the action brought by appellant J & J for indemnity against appellee White and William Bonilla was not incident to the Estate of Jody Parr. This question does not affect Jody Parr's Estate. In this particular action, the appellant was seeking a judgment against appellee White and William Bonilla indemnifying J & J for any wrongful payments made to the Decedent while she was still alive. The determination of the validity of the indemnity agreement and J & J's right to said indemnity is simply not a proper matter to be considered by the probate court. It was and is properly brought in the district court.

Our next question is whether this particular action can be severed from the remainder of the cross-actions and decided separately by the trial court. Rule 41, T.R. C.P., says, in part, that " . . . [a]ny claim against a party may be severed and proceeded with separately." In *Kansas University Endowment Assoc. v. King,* 162 Tex. 599, 350 S.W.2d 11 (1961), it was held that severance is proper where the suit involves two or more separate and distinct causes of action, each of which may be tried as a separate claim in controversy. See *Angerstein v. Angerstein,* 389 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Hayes v. Norman,* 383 S.W.2d 477 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). The appellants' cause of action for indemnity was clearly severable.

As in Cause Number 1072, *J. Craig Cowgill, Receiver, Alamo Lumber Company, Archer Parr v. Bonnie M. White, Individually and as Administratrix of the Estate of Jody Martin Parr, Deceased,* supra, the appellants also claim as error the action of the trial court in dismissing the case with prejudice. For the same reasons cited in that opinion, the action of the trial court was correct. However, since the trial court was incorrect in dismissing J & J's indemnity action, it was also incorrect in dismissing such cause with prejudice.

In addition to the case on its merits, this Court is also carrying with the case a motion to dismiss appellant Archer Parr's appeal. The basis for this motion is the fact that appellant Parr brought this appeal only in his capacity as community administrator or surviving spouse. The appellee contends that since the probate court vacated its order appointing Archer Parr as community administrator, he could not present himself to this Court and prosecute his appeal in this capacity. The fallacy of this argument is that under § 177(b) of the Probate Code, regardless of whether or not a community administrator has qualified, the surviving spouse is entitled to possession and control of his or her special community property and obviously has the right to prosecute an appeal in this capacity. Appellee's motion to dismiss is overruled.

That portion of the judgment of the trial court which dismissed appellant J & J Operating Company's action against Bonnie M. White, Individually and as Administratrix of the Estate of Jody Parr and William Bonilla for indemnity for any funds wrongfully paid to Jody Parr, Deceased, is severed

and is here REVERSED and that cause of action alone is REMANDED to the trial court. That portion of the judgment which dismissed all of the other causes of action of Archer Parr and the remainder of the causes of action of J & J Operating Company is AFFIRMED.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.