**Carolyn TAYLOR and Henry Fairley, III, Appellants,**

**v.**

**Viola Gwendolyn LUCIK, Appellee.**

**No. 19806.**

Court of Civil Appeals of Texas, Dallas.

June 15, 1979.

Rehearing Denied July 18, 1979.

Alfred L. Ruebel, Dallas, for appellants.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Appellants complain of the grant of a temporary injunction against them and the denial of appellants' plea to the jurisdiction of the probate court to entertain this suit or grant any relief herein. We hold that the trial court lacked subject matter jurisdiction and accordingly dissolve the temporary injunction and render judgment dismissing this application for temporary injunction for want of jurisdiction in the probate court.

The relevant facts are undisputed. John Richard Lucik, prior to his death on July 1, 1978, was married to appellee Viola Gwendolyn Lucik and had a special friendship with appellant Carolyn Taylor. After his death, two wills were considered in a single probate proceeding in which each, both the widow and Taylor, was, respectively, principal beneficiary. The widow filed an "application for temporary restraining order" in the same suit in which the two wills were sought to be probated. The "application for temporary restraining order" states:

Contestant and the deceased were married October 18, 1959 and have thereafter continuously lived together as husband and wife, except that approximately eleven years ago Contestant became afflicted with multiple sclerosis and that by reason of such disease she has been confined to Brookhaven Nursing Center as a patient for the last two years, with physical incapacity which requires her to be confined to her bed a greater portion of the time. Contestant owns as her separate property some shares of stock issued by Affiliated Fund, which she owned at the time of her marriage, and a large amount of valuable jewelry, some of which was owned by her at the time of marriage and some of which was given to her by the deceased

prior to or during the marriage, and that during the marriage of the parties they have acquired as their community property a substantial community estate consisting primarily of money on deposit in banks and savings accounts, retirement benefits, life insurance, a _____ automobile, household furniture, appliances, equipment and effects, accounts receivable and corporate securities, including shares issued by Texaco, Inc. When Contestant became confined to the nursing home, she left all of such assets in the possession of the deceased.

During the confinement of Contestant the Defendant, Carolyn Taylor, carried on an illicit affair with the deceased and the Contestant is informed and believes that she prevailed upon said deceased to deliver into her possession a substantial portion of the community assets of the parties, including the automobile above referred to, Contestant's jewelry, the house furniture and appliances, equipment and effects of the parties, including their silverware and dishes, and also substantial sums of money. She is also informed and believes that said Defendant was authorized by the deceased to sign checks on his bank account in one or more banks in Dallas, Texas, and that she has withdrawn substantial sums of money from such accounts and converted them to her own use. Such actions were taken without the knowledge or consent of Contestant, and constitute fraud upon the community estate of Contestant and are not binding upon Contestant, *who is entitled to recover possession of all of the properties and funds which have been put into the possession of said Defendant.* Contestant is informed and believes and alleges the facts to be, that said Defendant now has title to said automobile in her name, and has placed Contestant's jewelry and the stock certificates evidencing the community portion of stock owned by Contestant and the deceased, in a safety deposit box believed to be Box No. 6599 in her name at the Preston State Bank in Dallas, Texas. She has

also taken into her possession the automobile above described, and the household furniture and effects of Contestant and the deceased, along with funds belonging to Contestant and the deceased, for the purpose and intention of secreting same from the Temporary Administrator to be appointed in this cause, and for the purpose of depriving Contestant of her title and interest therein. [Emphasis added.]

In response to this application, respondents Taylor and Fairley (named executor in will favoring Taylor) filed their plea to the jurisdiction asserting that the relief sought was not "by or against an estate" nor "incidental to an estate" so as to give the probate court jurisdiction. The trial court overruled the plea to the jurisdiction and granted the temporary injunction.

■ The jurisdiction of the probate court is set forth in Tex.Prob.Code Ann. § 5(d) (Vernon Supp.1978):

All courts exercising original probate jurisdiction shall have the power to hear all matters *incident to an estate*, including but not limited to, all *claims by or against an estate*, all actions for the trial of title to land *incident to an estate* and for the enforcement of liens thereon *incident to an estate*, all actions for trial of the right of property *incident to an estate*, and actions to construe wills . . . [Emphasis added.]

Suits "by or against the estate" are brought by the "personal representative." *See Davis v. Thomas*, 548 S.W.2d 755 (Tex.Civ.App. —Tyler 1977), *rev'd on other grounds*, 553 S.W.2d 624 (Tex.1977). Suits "incident to an estate" include those specifically mentioned in the statute and also those further seeking to either to recover possession of, clear title to, or collect damage for the conversion of property or to determine whether the property was community. *Parr v. White*, 543 S.W.2d 440 (Tex.Civ. App.—Corpus Christi 1976), *writ ref'd*, 559 S.W.2d 344 (Tex.1977); *Potter v. Potter*, 545 S.W.2d 43 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.). "Incident to an estate" applies to those matters in which

"the 'controlling issue' is the settlement, partition or distribution of an estate." *Sumaruk v. Todd*, 560 S.W.2d 141, 144 (Tex. Civ.App.—Tyler 1977, no writ).

■■ It is undisputed that the widow was not acting as the "personal representative" of the estate, but rather in her own behalf to recover her separate and her share of the community property. Her pleadings allege that the decedent made transfers to Taylor in fraud of the community survivor (not the community decedent) and sought restoration to her. The widow argues that the actual order of restraint entered by the court is limited to any act of selling, disposing, transferring, encumbering, changing in form or location of any asset of any kind or character, tangible or intangible, "belonging to the estate of John Richard Lucik, deceased," a relief peculiarly incident to or for the benefit of the estate and not for Taylor. More succinctly put, the widow urges that, even though she is the real party in interest, the trial court had jurisdiction because it granted relief, not to the widow, but to the estate for the preservation of its assets. We cannot agree that the court had jurisdiction to grant relief to the estate in response to a petition alleging violation of the widow's individual rights. It is elementary that jurisdiction of the subject matter attaches when the petition is filed. *Hughes v. Atlantic Refining Co.*, 424 S.W.2d 622 (Tex.1968); *see Indemnity Insurance Co. of North America v. Carrell*, 318 S.W.2d 744 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.); *Shepperd v. Parr*, 287 S.W.2d 204 (Tex.Civ.App.—Waco 1956, writ ref'd n. r. e.). If jurisdiction over the subject matter does not attach at the time of filing, it cannot be cured by purporting to grant relief to the estate. Accordingly, we hold that since the relief prayed for enures to the widow's benefit rather than to the decedent's estate, the order granting injunctive relief is not one "incident to an estate" or "by or against an estate." Consequently, the probate court lacked jurisdiction and its injunction is void. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926); *Hall v. Wilbarger County*, 37 S.W.2d 1041

(Tex.Civ.App.—Amarillo 1931), *aff'd*, 55 S.W.2d 797 (Tex.Comm'n App.1932, jdgmt. adopted). Accordingly, the injunction is dissolved and the application for temporary injunction is dismissed.