**Viola Gwendolyn LUCIK, Petitioner,**

v.

**Carolyn TAYLOR and Henry Fairley, III, Respondents.**

**No. B–8774.**

Supreme Court of Texas.

Jan. 23, 1980.

Rehearing Denied March 3, 1980.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Charles M. Wilson, III, Dallas, for petitioner.

Erhard, Cox & Ruebel, Richard McSpedden, Alfred L. Ruebel and Robert C. Cox, Dallas, for respondent.

STEAKLEY, Justice.

The question here is whether the injunctive relief, under the circumstances later shown, related to a matter "incident to an estate," the issuance of which was within the jurisdiction of the Probate Court of Dallas County. The Court of Civil Appeals has ruled that the Probate Court lacked jurisdiction and that its injunction is void. 584 S.W.2d 503. Our view is otherwise and the judgment of the Court of Civil Appeals will be reversed, and that of the trial court will be affirmed.

John Richard Lucik is the deceased. He died on July 1, 1978. On July 3, his widow, Mrs. Viola Gwendolyn Lucik, made application to the Probate Court of Dallas County to probate a will of Lucik dated September

29, 1977, in which she was the principal beneficiary. On July 7, Henry Fairley, III, filed for probate a will of Lucik dated June 16, 1978, including a codicil dated June 19, in which Carolyn Taylor was the principal beneficiary. The two applications were consolidated in a single probate proceeding. Under date of August 22, 1978, the Probate Court appointed James J. Hartnett temporary administrator of the estate of Lucik.

Prior thereto, on August 14, 1978, Mrs. Lucik filed an application against Carolyn Taylor and Henry Fairley to enjoin them from "changing the form or location of any assets in their possession constituting a part of the Estate of John Richard Lucik, Deceased, and contestant herein, and from using, disposing of, changing the form or location of any of the assets of the Deceased and contestant which came into their possession prior to or subsequent to the death of said Deceased and from making entry to or removing from safety deposit box No. 6599, in the name of Carolyn Taylor in the Preston State Bank at Dallas, Texas." The allegations of Mrs. Lucik are quoted in detail in the opinion of the Court of Civil Appeals and will not be repeated.

In response thereto, the Probate Court issued a Temporary Restraining Order under date of August 17, and a Temporary Injunction under date of August 30. The material portions of the injunctive order were in these terms:

.    .    .    .    .

III. That the Defendant Caroline Taylor be and she is hereby ordered and directed to deliver into the possession of James J. Hartnett, the Temporary Administrator heretofore appointed in this cause, all assets of any and every nature belonging to the Estate of John Richard Lucik, Deceased, irrespective of whether they constitute a part of his separate estate or a part of the community estate of said deceased and Viola Gwendolyn Lucik, the widow of the deceased.

IV. Except for compliance with the terms and provisions of the foregoing Paragraph III of this Order, the Defendant Caroline Taylor is hereby temporarily enjoined during the pendency of this suit, from selling, disposing of, transferring, encumbering, changing the form of or location of any assets of any kind or character, tangible or intangible, belonging to the Estate of John Richard Lucik, Deceased, irrespective of whether the same constitutes a part of his separate estate or a part of the community estate of the deceased and his widow, Viola Gwendolyn Lucik.

.    .    .    .    .

.    .    .    .    .

VII. In connection with this Temporary Injunction the Court finds from the evidence presented, that there is an immediate necessity for this Temporary Injunction to be granted in order to prevent irreparable injury, damage and harm to Contestant, Viola Gwendolyn Lucik, and other parties of interest in this cause, to the end that the assets belonging to the estate of the deceased, John Richard Lucik, and the community estate of himself and his widow, Viola Gwendolyn Lucik, may be preserved in order to prevent such assets from being secreted, disposed of, expended, used or encumbered or placed beyond the jurisdiction of this court, and to prevent the location and form of such assets from being changed or altered, or subjected to use and depreciation, and that but for such injunction it is reasonably probable that such assets will be used, expended, changed, altered or encumbered, to the irreparable injury and damage of Viola Gwendolyn Lucik, and other parties of interest in this cause.

The injunctive order also included detailed restraints upon Carolyn Taylor from selling, disposing of, changing the form or location of, and from encumbering, specific items of jewelry and household furniture and effects that came into her possession from Lucik during his lifetime.

Article 1970–31a (1951) Tex.Rev.Civ.Stat. Ann. created the Probate Court of Dallas County. The jurisdiction and power of the court was defined as follows:

Sec. 2. The Probate Court of Dallas County shall have the general jurisdiction of a Probate Court within the limits of Dallas County, concurrent with the jurisdiction of the County Court of Dallas County in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law.

.    .    .    .    .    .

Sec. 6. The Probate Court of Dallas County shall have power to issue writs of injunction, mandamus, execution, attachment, and all writs and process necessary to the exercise and enforcement of the jurisdiction of said Court, and also the power to punish for contempt under such provisions as are or may be provided by the general laws governing County Courts throughout the State.

Section 5(d) (1977) of the Texas Probate Code also provided at that time: [1]

(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. When a surety is called on to perform in place of an administrator or guardian, all courts exercising original probate jurisdiction may award judgment against the personal representative in favor of his surety in the same suit.

In the case of *English v. Cobb*, Tex., 593 S.W.2d 674 (1979) we reviewed the recent changes in the constitutional and statutory provisions prescribing the jurisdictional powers of courts sitting in probate. We there recognized that the obvious purpose of these changes was to increase the jurisdiction of such courts in "matters incident to an estate" so that a decedent's estate could be more efficiently settled in one proceeding. Here, as in *English v. Cobb*, the protection from dissipation or transfer of the potential assets of the estate of Lucik directly bears on the ultimate collection and distribution of such properties pursuant to his effective will. As such, the injunctive relief related to a matter "incident to an estate" and was within the injunctive powers of the Probate Court of Dallas County.

Of course, the settlement, partition and distribution of the estate of Lucik will pertain only to the assets comprising his estate. However, under the allegations of the application for preliminary injunctive restraint it was necessary that the assets in question be protected and preserved until their status could be determined. Otherwise, the provisions of the successful will could be frustrated and the enforcement of the jurisdiction of the Probate Court defeated. Indeed, the Court of Civil Appeals wrote in this case [584 S.W.2d at p. 505] that "[s]uits 'incident to an estate' include those specifically mentioned in the statute and also those further seeking to either to recover possession of, clear title to, or collect damage for the conversion of property *or to determine whether the property was community.*" (Italics added). Cited were the cases of *Parr v. White*, 543 S.W.2d 440 (Tex.Civ.App.1976), writ ref'd, 559 S.W.2d 344 (Tex.1977); *Potter v. Potter*, 545 S.W.2d 43 (Tex.Civ.App.1976, writ ref'd n.r. e.). In the latter case the court wrote that the amendments adding paragraphs (c)(d) to Section 5 of the Probate Code are remedial and should be liberally construed.

1. It is noted that Section 5(d) was amended, and Section 5A was added, by Acts 1979, 66th Leg., p. 1741, ch. 713, effective August 27, 1979.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

GARWOOD, J., not sitting.