**DR. DONALD R. KLEIN & ASSOCI-ATES, M.D., P.A., Appellant,**

v.

**Annabelle Sholdar KLEIN, Appellee.**

**No. 11–81–052–CV.**

Court of Appeals of Texas, Eastland.

June 17, 1982.

Allen Landerman and Harvey Rosenberg, Dallas, for appellant.

Toby L. Gerber, Berman, Fichtner & Mitchell, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a suit brought in the County Court at Law No. 4 of Dallas County by Donald R. Klein and Associates, M.D., P.A., against Annabelle Sholdar Klein to recover for medical services performed by Dr. Klein on Mrs. Klein. The services were rendered Mrs. Klein while she was the wife of Joseph H. Klein, who subsequently died. A probate proceeding is pending on his estate. The trial court dismissed without prejudice to the association's right to file in the Probate Court. Klein and Associates appeal. We reverse and remand.

Mrs. Klein urges that the suit is a matter "incident to an estate" as contemplated by probate jurisdiction and, therefore, the County Court at Law had no jurisdiction.

Tex.Prob.Code Ann. § 5A(a) (Vernon 1980) provides:

> (a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.

Tex.Prob.Code Ann. § 5A(b) provides in part:

> In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Dallas County has a statutory probate court. Tex.Rev.Civ.Stat.Ann. art. 1970–31a (Vernon 1964). It is undisputed that at the time the services were rendered, Mrs. Klein was married to the deceased, Joseph H. Klein, and that any debt arising from the rendition of such services is a community obligation. Therefore, Mrs. Klein contends that the matter is one "incident to an estate" and is properly a matter for the probate court.

Dr. Klein argues that since the pleadings before the court clearly established that the County Court at Law had jurisdiction to hear the matter it erred in granting the motion to dismiss on jurisdictional grounds. He contends that he chose to sue only Mrs. Klein and was under no jurisdictional obligation to include the Estate of Joseph Klein. There is no showing that Dr. Klein has filed a claim against the Estate of Joseph Klein to satisfy the alleged debt.

Tex.Fam.Code Ann. § 4.04 (Vernon 1975) provides:

> (a) A spouse may sue and be sued without the joinder of the other spouse.
>
> (b) When claims or liabilities are joint and several, the spouses may be joined under the rules relating to joinder of parties generally.

See also *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974).

The court in *Dulak v. Dulak*, 513 S.W.2d 205 (Tex.1974), considering the matter of granting complete relief in an action regarding a community interest, said:

> In *Cooper*, supra, we made the further ruling that the omission of one of the spouses as a party in an action concerning their joint community property no longer renders a judgment void. Since jurisdiction with respect to the non-joinder of parties is now de-emphasized by force of amended Rule 39, we conclude that failure to join Helen Dulak in the suit below was not a jurisdictional defect and the judgment, unless otherwise erroneous, is binding upon those who were parties to the suit.

Since either spouse may be sued without the joinder of the other, it should not be a jurisdictional defect to sue Mrs. Klein without the joinder of the Estate of Joseph Klein. In the instant case there is

no showing of any effort to make such estate a party, without the joinder of the Estate, the action could not be one "incident to an estate." In so holding we need not pass upon the issue of Mrs. Klein's individual liability. We merely hold that the trial court erred in dismissing the cause of action for want of jurisdiction.

The judgment is reversed, and the cause is remanded.