Lillian Taylor SOBEL, et al., Appellant,

v.

Dr. Irving TAYLOR, Appellee.

No. A2967.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1982.

Jonathan B. Shoebotham, Woodard, Hall & Primm, Abe Dunn, Houston, for appellant.

Joe G. Roady, Sheinfeld, Maley & Kay, Margaret G. Mirabal, Lukats & Mirabal, Celia Nathan, Houston, for appellee.

Before BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

Appellants Lillian Taylor Sobel and Saul Taylor appeal from a pre-trial protective order by the District Court regulating control of certain documents pursuant to a motion for Protection of Documents. They also appeal the provision of that same order which enjoined the payment by appellants during the pendency of trial of attorney fees exceeding $25,000.00 in connection with the defense of the case from the assets of the Eva Spero Estate. Appellants contend that both provisions of the order constitute a temporary injunction that was improperly granted for failure to comply with the Texas Rules of Civil Procedure for injunctions. We hold that the order relating to the protection of documents is not an appealable temporary injunction, but rather is a nonappealable pre-trial protective discovery order. We further hold the trial court erroneously granted a temporary injunction for nonpayment of attorney's fees without compliance with Tex.R.Civ.P. 682, 683 and 684. We dissolve that temporary injunction.

This suit was filed in District Court by appellee Dr. Irving Taylor against appellants Lillian Taylor Sobel and Saul Taylor, individually, and as co-trustees of the Eva Spero Trust and as Independent Co-Executors of the Eva Spero Estate. Appellee also sued attorney Abe Dunn and Freda Beier, neither of whom is involved in this appeal. Appellee Irving Taylor, appellants Lillian Taylor Sobel and Saul Taylor and Freda Beier are the children of Eva Spero, deceased. Lillian Taylor Sobel and Saul Taylor were co-trustees of a trust known as the Eva Spero Trust which terminated on her death of August 27, 1975, and are also Independent Co-Executors of the Estate of Eva Spero, deceased.

Appellants were sued for alleged breaches of fiduciary duties owed to appellee while appellants were in control of finances and property of their mother during her lifetime under a Power of Attorney and Trust Instrument. Appellee claims appellants were guilty of fraud, breaches of fiduciary duties and self-dealing while acting in their capacities as attorneys in fact and trustees for Eva Spero during her lifetime. Appellee seeks an accounting and asks for actual and exemplary damages, and also seeks rescission of a June 30, 1975, Equalization Agreement between the parties executed during the lifetime of Eva Spero. Appellee additionally alleges breach of fiduciary duties by appellants as Independent Co-Executors and asks for actual and exemplary damages for these actions as well as an accounting. He does not seek removal of appellants as Independent Co-Executors.

Appellants contend the portions of the order appealed from constitute a temporary injunction and was granted in response to the appellee's filing of a Motion For The Protection Of Documents and Motion for Order Directing Non-Payment Of Funds Out Of The Estate. The documents referred to in the appellee's protective motion and the trial court's order are various documents formerly in the custody and control of appellants which were produced pursuant to an order of the trial court for the purpose of inspection and copying by appellee for a period of 45 days.

Hearing was held on September 21, 1981, on Defendant's (Appellant's) Motion To Require Return Of Documents, Plaintiff's (Appellee's) Motion For Protection of Documents and Motion For Order Directing NonPayment Of Funds Out Of Estate as well as appellant's responses to appellee's motions. The portions of the order from which appeal has been perfected read as follows:

\* \* \* \* \* \*

2. Defendants Lillian Taylor Sobel and Saul Taylor are hereby enjoined, pending trial on the merits or further orders of this Court, from disturbing the present order of such documents and are further directed to make such documents available to the attorney for the Plaintiff upon reasonable notice. The attorneys for the Defendants are directed to maintain the documents in question in their offices in their present order, and to maintain a log reflecting the removal of any documents from the file, the identity of the person removing same, the identity of the documents so removed and the dates the same are removed from and returned to the file.

3. Defendants Lillian Taylor [sic] and Saul Taylor are further enjoined, pending trial on the merits or further orders of this Court, from paying attorney's fees incurred by them in connection with the defense of this case from the assets of the estate should such attorney's fees in the aggregate exceed $25,000.

In his ninth point of error, appellants assert the trial court did not have jurisdiction to issue the order complained of because the order related to matters incident to the Estate of Eva Spero. Appellants contend that under Tex.Prob.Code Ann. § 5(c) and (d) (Vernon 1980) the issuance of such order was within the exclusive jurisdiction of Probate Court Number 3 of Harris County in which the administration of the Estate of Eva Spero is still pending. This point is first raised on appeal by appellant as fundamental error. Tex.Prob.Code Ann. § 5(c) and (d) (Vernon 1980) provide in pertinent part:

(c) In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, *all* applications, petitions and *motions regarding probate, administrations,* guardianships, and mental illness matters *shall be filed and heard in such courts* and the constitutional county court, *rather than in the district courts,* unless otherwise provided by the legislature, and the judges of such courts may hear any such matters sitting for the judge of any of such courts . . . (emphasis added)

(d) All courts exercising original probate jurisdiction shall have the power to hear

all matters *incident to an estate...* (emphasis added).

In addition, appellant contends that Tex. Prob.Code Ann. § 5A(b) (Vernon 1980) lends further support for the argument that statutory probate courts have the same powers over independent executors that are exercisable by the district courts and that where the jurisdiction of a statutory probate court is concurrent with that of a district court, "any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court."

We disagree with appellant's contention. We do not believe the suit here is primarily a suit appertaining to or incident to an estate under Section 5 of the Probate Code, and we hold that the District Court has original jurisdiction of this case. The allegations primarily involve alleged acts, misdeeds and misrepresentations which predate the death of Eva Spero and allegedly occurred while appellants were acting as attorneys in fact and trustees for Eva Spero. The relief sought primarily is for rescission of an equalization agreement signed prior to the death of Eva Spero, for actual and exemplary damages against appellants, individually, and as co-trustees and for an accounting from them. Appellants were also later Independent Co-Executors and there are some allegations seeking an accounting from them while acting as Independent Co-Executors. This is not the major thrust of appellee's lawsuit, however, and it is not of such nature and magnitude as to vest exclusive jurisdiction of the suit and the order complained of in the Probate Court.

Appellants primarily rely on *Thomas v. Tollon,* 609 S.W.2d 859 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) and *Lucik v. Taylor,* 596 S.W.2d 514 (Tex. 1980). We believe these cases and the others cited by appellant are distinguishable and not controlling here. *Tollon* was an appeal from a Plea to the Jurisdiction of the District Court to hear a suit to determine heirship where there was a pending probate proceeding in the Probate Court.

*Lucik* was an injunction by a temporary administrator ordering an individual to deliver assets to him and to enjoin him from disposing of such assets pending the probate proceeding. We overrule appellant's ninth point of error.

Appellant's first through eighth points of error complain of the court's action in granting a temporary injunction without compliance with Tex.R.Civ.P. 682, 683 and 684 relating to necessary pleadings, the evidence required, setting of bond and required contents of the order for temporary injunction. We believe the order is severable and that the portion of the order relating to control of the documents is not a temporary injunction, but rather is a nonappealable interlocutory pre-trial protective discovery order. That part of the order enjoining payment of attorney's fees does amount to a temporary injunction and must be dissolved for noncompliance with the Texas Rules of Civil Procedure for pleadings, evidence, bond and contents of the order.

With respect to the document control, we hold that a portion of the court's order is a nonappealable interlocutory pre-trial protective discovery order and not an appealable temporary injunction order despite the use of the word "enjoined" in the order. As above noted, the order complained of was made in response to the motion for Return of Documents filed by appellants and a Motion for Protection of Documents filed by appellee. Appellants, apparently as a result of a previous court order dated December, 1980, were ordered to produce documents and they were produced and delivered to appellee in a variety of containers and a state of general disarray. They were to be returned in 45 days. When they were not returned, appellants filed a motion to order return of the documents, and made no contention the court did not have jurisdiction to hear it. In its motion for Protection of Documents, appellee contended that its original Motion for Production was filed as a result of the failure of appellants to comply with a subpoena duces tecum, that the documents pro-

duced under order were voluminous and that appellee had spent weeks in arranging them chronologically and by subject matter, in such a manner as to be efficiently utilized in the presentation of evidence at trial. While appellee desired and requested that the documents to be held in a disinterested accounting firm office, the trial court ordered a return to the possession of appellants, but placed certain controls and restrictions to insure the order and present identity of all such documents during the pendency of the trial. We believe the trial court had the authority to make this protective order under Tex.R.Civ.P. 167 and Rule 186b.

We do not believe the word "enjoined" requires it to be deemed a "temporary injunction." The nature of a suit is determined by the court, as a matter of law, solely from the facts alleged in the petition, the rights asserted, and the relief sought. *Scott v. Whitaker Pipeline Construction, Inc.,* 517 S.W.2d 406, 409 (Tex.Civ.App.—Austin 1974, no writ). We disagree with appellant's contention that Rule 167 and Rule 186b motions must be restricted to protection *from* discovery.

On the other hand, with respect to that portion of the trial court's order enjoining payment of attorney's fees from the estate, we hold that it was an order for temporary injunction and must be dissolved. The order was issued on the basis of appellee's Motion for Order Directing Non-Payment of Funds Out of Estate. Appellee concedes this portion of the order is a temporary injunction order. It is not shown to be a sworn motion nor or any affidavits attached. We agree with appellants that appellee failed to follow the proper procedures for injunction in that appellee failed to (1) execute and file a bond prior to issuance of the temporary injunction, (2) present affidavits and a petition containing a plain and intelligible statement of the grounds for such relief, (3) present evidence showing his probable right on final trial to the relief sought, and (4) present evidence showing the probability of injury in the interim, all in violation of Tex.R.Civ.P. 680,

682 and 684. In addition, the trial court failed to fix the amount of security or bond to be given by appellee in its order. We further agree that the trial court erred in failing to set forth in its order the reasons for the granting of the temporary injunction in violation of Tex.R.Civ.P. 683. We have considered all of the authorities cited by appellee including *Jeffries v. Evans Division—Royal Industries,* 510 S.W.2d 579 (Tex.1974). There, the court held the injunction could be remanded to the trial court for determination of a bond, with the injunction otherwise upheld. In *Jeffries,* however, the only requirement not satisfied for the temporary injunction was the lack of a bond. There, an evidentiary hearing was held, pleadings were proper and an otherwise proper order was issued. *Jeffries v. Evans Division—Royal Industries, supra* at 579. The temporary injunction granted by the trial court enjoining Lillian Taylor and Saul Taylor "from paying attorneys fees incurred by them in defense of this case from the assets of the estate should such attorneys fees in the aggregate exceed $25,000.00" is dissolved.