William F. FARAH, Relator,

v.

Hon. John L. FASHING, Judge County Court at Law No. Two, et al., Respondents.

No. 08–83–00377–CV.

Court of Appeals of Texas, El Paso.

Feb. 8, 1984.

Tom Thomas, Koloday, Thomas, Dooley & Yeager, Dallas, for relator.

John L. Fashing, pro se.

David P. Seikel, Houston, Edward W. Dunbar, Christie, Berry & Dunbar, El Paso, D.L. Case, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, John Hall, Strasburger & Price, Dallas, for respondents.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

Relator, William F. Farah, brings this action for writ of mandamus against Honorable John L. Fashing, Judge of the Coun-

ty Court at Law No. Two of El Paso County, and others to set aside an order dismissing a third party malpractice action filed by Mr. Farah in a probate proceeding. Petition for writ of mandamus is denied.

The Relator served as the administrator of the estate of his deceased nephew. The administration was filed in the County Court at Law No. Two of El Paso County. Beneficiaries of the estate filed a protest to the Relator's final accounting and filed a claim on behalf of the estate, seeking a money judgment against the Relator because of his alleged mismanagement of the estate. The Relator then filed in the same probate proceeding a third party action for indemnity and contribution against twelve attorneys who had represented him in his capacity as administrator. The third party action alleged that the Relator's actions, which were being challenged by the beneficiaries, were all carried out under the legal guidance of the twelve attorneys and that they would be liable to him for indemnification or contribution should those actions be found improper. Upon motion by the attorneys, the probate court dismissed the third party action for want of subject matter jurisdiction. The Relator now petitions this Court to issue a writ of mandamus directing the County Court at Law to set aside its order of dismissal and take jurisdiction of the third party action in the probate proceeding.

The Relator contends that the County Court at Law has two bases for jurisdiction: (1) ancillary probate jurisdiction over matters "incident to an estate" of a deceased and (2) general civil jurisdiction under the newly enacted Tex.Rev.Civ.Stat. Ann. art. 1970–127b. See: Act of June 19, 1983, ch. 675, 1983 Tex.Gen.Laws 4239.

■ As to the Relator's first contention, Tex.Prob.Code Ann. sec. 5(d) (Vernon 1980) does confer ancillary jurisdiction upon county probate courts to adjudicate matters "incident to an estate". Section 5A of the Code more fully defines the phrases "appertaining to estates" and "incident to an estate". These statutes have increased the jurisdiction of the county courts so that they can more fully and

quickly settle a decedent's estate in one proceeding. *English v. Cobb*, 593 S.W.2d 674 (Tex.1979). To fall within Section 5 ancillary jurisdiction, the outcome of the additional controversy must be "necessary" to the resolution of the particular estate. *Lucik v. Taylor*, 596 S.W.2d 514 (Tex. 1980). That is not the case before us now. The third party action is solely for the benefit of the Relator (the probate defendant). There is no necessary relationship between his recovery from the third party defendants Respondents and the augmentation of any estate assets flowing to the beneficiaries.

■ Relator's reliance upon Probate Code Section 225 is also misplaced. While the beneficiaries may join as direct parties those who may be in positions of surety or indemnitor, this is intended for the protection of beneficiaries where the immediate administrator-defendant is insufficiently solvent to satisfy any judgment in favor of the beneficiaries. Section 225 is not a device for the sole benefit of administrator-defendant.

Relator's own cited case authorities support the foregoing conclusion. In *English*, supra, and *Drake v. Trinity Universal Insurance Company*, 600 S.W.2d 768 (Tex. 1980), the more remote defendants (a converting sister of the deceased and a former estate attorney) were brought into the suit by the plaintiffs, not as third party defendants. Recovery from those individuals would flow directly into the estate and then to the beneficiaries. *Cowgill v. White*, 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.) and *Thomas v. Tollon*, 609 S.W.2d 859 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) also present cases where the interests of the ancillary parties would directly affect the coffers of the estate and not the pockets of the administrator. The malpractice indemnification action filed by our Relator, not being to the direct benefit of the estate or its beneficiaries, was, therefore, not within the Section 5 jurisdiction of the probate court. See: *Parr v. White*, 543 S.W.2d 440, 444 (Tex.Civ.App.—Corpus Christi 1976), writ ref'd n.r.e., 559 S.W.2d 344 (Tex. 1977).

Relator next contends that the cross-action is within the recently expanded jurisdiction of the El Paso County Courts at Law under Tex.Rev.Civ.Stat.Ann. art. 1970–127b. The amendment was not in effect at the time the cross-action was filed, but was in effect at the time the motion to dismiss was granted. Relator contends that if he now filed a separate suit for indemnification or contribution against the Respondents upon the consolidated civil dockets of the El Paso District and County Courts at Law, local rules would dictate that it be consolidated with the related probate action. Relator's argument is self-defeating. It establishes an adequate remedy at law which he has not sought. The slight delay which would be caused by a possible useless expenditure of effort in refiling the suit is not serious enough to warrant the issuance of the writ of mandamus.

However, of more importance than the above, it is our opinion that the remedy of appeal from a final judgment would furnish the adequate remedy at law and would preclude the extraordinary remedy of mandamus now prayed for.

The Relator's points one and two are overruled. The mandamus relief prayed for is denied.