Honorable Henry Wade Criminal District Attorney Dallas County Services Building Dallas, Texas 75202
Re: Filing fees for suits ancillary to a probate matter
Dear Mr. Wade:
You have requested our opinion concerning the filing fee required for certain documents in actions ancillary to probate proceedings. You wish to know specifically what fee should be charged for the initial filing and any supplemental instruments which may be filed after the filing of an order approving the "inventory and appraisements" or after the filing of the inheritance or estate tax receipt, whichever occurs first.
The fees which county clerks may impose for filings in the civil court dockets and in the probate court dockets are controlled by article 3930(b), V.T.C.S. This statute requires fees ranging from 10 to 40 dollars for original causes of action filed in probate court. Id. § 1B(1)(a).
The statute also specifies the fee to be collected for filing and recording instruments in an open probate docket (after the inventory and appraisement or inheritance/estate tax receipt has been filed), a fee of $3.00 for the first page and $2.00 for subsequent pages. Id. § 1B(1)(b)(i). The filing fee for an adverse action or contest in a probate court cause or docket is $25.00. Id. § 1B(1)(c).
You contend that an initial filing fee of $25.00 should be collected for matters filed under sections 5 and 5A of the Probate Code, but that additional instruments must be filed without charge.
Section 5(d) of the Probate Code permits courts which exercise original probate jurisdiction to determine matters incident to an estate. Section 5A defines proceedings "incident to an estate" to include the probate of wills, letters testamentary, determination of heirship, claims against the estate, title questions, and generally the settlement of the estates of wards and deceased persons. See, e.g., Klein and Associates v. Klein, 637 S.W.2d 507
(Tex.Civ.App.-Eastland 1982, no writ) (suit by physician against wife of deceased husband for services rendered to latter held not to be a matter "incident to an estate" without joinder of husband's estate); Boman v. Howell, 618 S.W.2d 913
(Tex.Civ.App.-Fort Worth 1981, no writ) (construction of will held matter incident to probate); Taylor v. Lucik, 584 S.W.2d 503
(Tex.Civ.App.-Dallas 1979, writ granted) (suit to enjoin beneficiary from encumbering property held not to be one incident to an estate), rev'd 596 S.W.2d 514 (Tex. 1980).
We believe that any independent suit or cause of action which is properly considered one incident to an estate must be filed in probate court upon payment of a $25.00 fee pursuant to article 3930(b), section 1B(1)(c), which provides such a fee for every "adverse action or contest," excluding claims against estates.
The fee for filing or recording instruments in an open probate docket after the order approving the inventory and appraisement or after filing the tax receipt is $3.00 for the first page and $2.00 for subsequent pages. V.T.C.S. art. 3930(b), § 1B(1)(b)(i). Even though an ancillary probate action is a separate cause, it is nevertheless filed in an open probate docket. The statute is very clear that every instrument filed after the inventory and appraisement or after the tax receipt bears a filing fee of $3.00 for the first page and $2.00 for each subsequent page. We believe that supplemental instruments filed in connection with an ancillary probate action are subject to these fees if the instruments are filed after the inventory and appraisement have been approved or after the inheritance or estate tax receipt has been filed.
 SUMMARY
Ancillary probate actions which are incident to an estate must pay a filing fee of $25.00.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by David Brooks Assistant Attorney General