

# The Attorney General of Texas

December 31, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-292

Re:   Costs of copies of recor
under the Administrative Procedu
Act and the Open Records Act

Dear Mr. Bullock:

You inquire about the costs you may recover during an administr
tive hearing when a petitioner requests the production of documen
and records.  The petitioner has requested the records under secti
14a of article 6252-13a, V.T.C.S., the Administrative Procedure Ac
You state that these records would also be subject to artic
6252-17a, V.T.C.S., the Texas Open Records Act.  Your specif
questions inquire about charges that may be made under either statut
You also wish clarification of Attorney General Opinion JM-114 (1983
relating to charges for records under the Open Records Act.  We ha
attempted to clarify this opinion in our answers to your specif
questions.  However, we cannot make an exhaustive statement abo
charges under the Open Records Act or about the application of JM-1
to facts not raised in your request.

Your first and second questions are as follows:

> 1.  May a petitioner be charged for the cost
> and production of records requested in a discovery
> motion during an administrative hearing?

> 2.  If the answer is 'yes' to question number
> (1), may the petitioner be required to either post
> a bond or pay in advance for the production of
> such records?

Section 14a of the Administrative Procedure Act, artic
6252-13a, V.T.C.S., governs discovery in an administrative proceedir
Section 14a provides in part:

> Sec.  14a.  (a) Upon  motion  of  any  party
> showing good cause therefor and upon notice to all
> other parties, and subject to such limitations of
> the kind provided in Rule 186b of the Rules of
> Civil Procedure as the agency may impose, <u>the</u>

agency in which an action is pending may order any party:

(1) to produce and permit the inspection and copying or photographing by or on behalf of the moving party any of the following which are in his possession, custody, or control:  any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain, or are reasonably calculated to lead to the discovery of, evidence material to any matter involved in the action; and

(2) to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon which may be material to any matter involved in the action.

(b) The order shall specify the time, place, and manner of making the inspection, measurement, or survey and taking the copies and photographs and may prescribe such terms and conditions as are just.  (Emphasis added).

. . . .

The language of section 14a(a)(1) indicates that petitioner is responsible for duplicating records.  Thus, he will pay the costs of copies.

Section 14a does not expressly authorize placing the costs of production on the petitioner.  It does, however, provide that the order for production of records "may prescribe such terms and conditions as are just." V.T.C.S. art. 6252-13a, §14a(b).  Identical language appears in Rule 167 of the Texas Rules of Civil Procedure and similar language appears in Rule 26(c)(2) of the Federal Rules of Civil Procedure.  The federal provision has been interpreted to authorize a judicial order requiring the party seeking discovery to pay some of the expenses incurred in obtaining discoverable materials. American Standard Inc. v. Bendix Corp., 71 FRD 443 (W.D. Mo. 1976).

A party's motion for discovery under 14a(a) is

subject to such limitations of the kind provided in Rule 186b of the Rules of Civil Procedure as the agency may impose.

V.T.C.S. art. 6252-13a, §14(a).  Rule 186b has been repealed and its subject matter included in Rule 166b.  See Order Adopting Rules of Civil Procedure, December 5, 1983.  Tex. R. Civ. P. Ann. at XV (Vernon 1984 Supp. Vol. 1).  However, section 14a of article 6252-13a, V.T.C.S., incorporated Rule 186b by reference.  The text of this rule continues to be part of section 14a despite the revisions to the Texas Rules of Civil Procedure.  See Quinlan v. Houston & T.C. Railway Co., 34 S.W. 738, 741 (Tex. 1896); Falkner v. Allied Finance Co. of Bay City, 394 S.W.2d 208 (Tex. Civ. App. - Austin 1965, writ ref'd n.r.e.).

Rule 186b authorized the court, on motion of a party, to exclude certain matters from the inquiry or to provide that secret processes, developments or research need not be disclosed.  In addition, it included the following omnibus provision:

> [T]he court may make any other order which justice
> requires to protect the party or witness from
> undue annoyance, embarrassment, oppression or
> expense.

Tex. R. Civ. Proc. 186b (Vernon 1976).

Protective orders made pursuant to a motion for production of documents are not restricted to the protection of documents from discovery.  Sobel v. Taylor, 640 S.W.2d 704 (Tex. Civ. App. - Houston [14th Dist.] 1982, no writ).  When a request for records under section 14a appears burdensome and costly, the respondent may seek an order imposing just conditions on discovery and limiting the scope of the order pursuant to Rule 186b.  Such conditions and limitations may include a requirement that petitioner pay the costs of production.  Conditions requiring petitioner to post a bond, pay in advance, or otherwise insure payment may be included in the order.

Your third question is as follows:

> 3. Is a request for records under the
> Administrative Procedure Act to be treated
> differently from a request for records under the
> Open Records Act?  If so, what are the
> differences?

Requests for records under each statute are to be treated differently.  Section 14a of the Administrative Procedure Act authorizes any party to an administrative action to seek discovery of records in the possession of any other party if the records contain material evidence or information which might lead to such evidence.  V.T.C.S. art. 6252-13a, §14a(a)(1).  The party's request to inspect and copy information is subject to a showing of good cause, notice to other parties, and limitations like those found in Rule 186b of the

Rules of Civil Procedure.  Id.  Thus, only a narrowly defined class of persons may use the discovery procedures set out in section 14a; the records must be material to the administrative action, and the agency applies statutory standards to resolve disputes on the availability of particular records.

The Open Records Act entitles "all persons" to access and copies of public records held by governmental bodies.  V.T.C.S.  art. 6252-17a, §§1-4.  The applicant for public information is not required to explain why he wants particular records.  Section 3(a) excepts from the requirement of public disclosure eighteen specific categories of information; however, if a governmental body believes information need not be disclosed, it must refer its decision to this office for review.  Id. §7.  We do not address whether a participant in an administrative proceeding could avoid the reach of section 14a by utilizing an open records request as a substitute for discovery.  We assume that is a matter to be addressed by a request for an appropriate protective order.

The exceptions from public disclosure in the Open Records Act should not be grafted onto section 14a of the Administrative Procedure Act.  Each statute has a different purpose.  The requirements and procedures for gaining access to records under each statute are different.  Records not available to the public under the Open Records Act might be available under section 14a of article 6252-13a, V.T.C.S., to a party to an administrative proceeding.  Cf. Open Records Decision No. 108 (1975) (information should be sought through discovery, not Open Records Act).

Each statute has its own distinct procedural requirements for initiating and resolving a request for records.  Even on those occasions when a participant in an administrative proceeding requests records under both statutes, it will be possible to determine which set of procedures applies to each request.  See Open Records Decision No. 180 (1977).

Your fourth question is as follows:

> 4.  Under either the Administrative Procedure Act or the Open Records Act, may we charge for personnel time required to develop a search pattern for and search out the records, to arrange them in a systematic order not maintained in our files, or to expurgate them?

We determined in answer to your first and second questions that a party requested to produce records under section 14a of the Administrative Procedure Act may seek an order requiring the petitioner to pay the costs of production. The determination of the reasonable costs of production is a matter for that order.

The Open Records Act does not require you to arrange records in an order not maintained in your files. See Open Records Decision No. 145 (1976). If confidential information is not intermingled with public information, you may simply let the requestor examine the originals and locate the records he wants. See Open Records Decision No. 243 (1980).

Charges under the Open Records Act are governed by section 9 of that statute. Attorney General Opinion JM-114 (1983), which construed this section, provides a partial answer to your question. Section 9(a), pertaining to photocopies of records on pages up to legal size, authorizes charges only for those records which are copied. The State Purchasing and General Services Commission [formerly the Board of Control] is required to determine and publish the actual cost of standard-size reproductions. It has issued the following guidelines:

> (a) Maximum charges for office machine copies of pages up to legal size (applicable to Paragraph (a) of Section 9). The charges established hereunder are the maximum charges allowable and should not be exacted from requesting parties unless costs are actually at that level. Do not hesitate to charge less for copies if experience reflects a lower cost.
>
> (1) Fifty-five cents per request. This charge is established by the board for the reason <u>that setting up the machine and preparing the records for copying purposes is a cost of reproduction.</u> . . .
>
> (2) Fifteen cents per page copied. The board has determined that the actual cost of standard sized reproductions should not exceed 15 cents per page copied, except as described in Paragraph 1 of this section.
>
> (3) No charge for access under Paragraph (a) of Section 9. <u>In answering requests under Paragraph (a) of Section 9, an agency may not charge for the time spent by its personnel in providing access to records pursuant to the request.</u> (Emphasis added).

Document No. 770460, issued January 14, 1977, 2 Tex. Reg. 396-97 (Feb. 1, 1977).

Attorney General Opinion JM-114 determined that permissible costs for employee time are built into the costs set under section 9(a). The guidelines promulgated by the State Purchasing and General Services Commission interpret the cost provision in the same way. See

Document No. 770460(a)(1), (3), _supra._ No extra charge may be made for the time employees spend taking the documents out of the filing cabinet.

Section 9(b) governs the charges for access to information kept in computer banks, microfilm records, or other similar record keeping systems. Attorney General Opinion JM-114 concluded that access charges could include the costs of running the computer but not employee time spent in deleting portions of the records excepted from required disclosure under section 3(a). However, in a particular case, providing access to public information and deleting information excepted from public disclosure might be accomplished in one program and therefore would not be separable into "access" or "editing."

In addition, the Texas Supreme Court, referring to computerized data which included private information protected from disclosure by section 3(a)(1), stated as follows:

> We are aware that the Board may incur substantial costs in its compilation and preparation of the information, especially in light of the case-by-case review and redaction of the files necessitated by Section 3(a)(1). Section 9 of the Act makes it clear that all costs incurred in providing access to public records must be borne by the requesting party.

_Industrial Foundation of the South v. Texas Industrial Accident Board,_ 540 S.W.2d 668, 687 (Tex. 1976), cert. denied, 430 U.S. 391 (1977). The Supreme Court language dealt with computerized information subject to charges for access under 9(b). The redaction of the files was necessitated by section 3(a)(1), which excepts from public disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision;" V.T.C.S. art. 6252-17a, §3(a)(1). This section incorporates laws providing for or mandating confidentiality of particular governmental records, and it is not subject to waiver on the same terms as other exceptions to public disclosure under the Open Records Act. _See, e.g.,_ Attorney General Opinions H-427, H-223 (1974); Open Records Decision No. 237 (1980). Thus, we believe the _Industrial Accident Board_ case requires the requestor to pay the cost of excerpting 3(a)(1) material from information maintained in computer records banks, including, for example, where necessary, development of a search pattern.

## SUMMARY

Section 14a of article 6252-13a, V.T.C.S., the Administrative Procedure Act, does not impose upon petitioner the charges for producing records. However, the responding party may request an administrative order placing the costs of

production on petitioner. A request for records under article 6252-13a, V.T.C.S., is to be treated differently from a request under article 6252-17a, each according to the relevant statutory procedures. Under the Open Records Act, article 6252-17a, V.T.C.S., the governmental body may under some circumstances exact charges for providing access to records and deleting information subject to section 3(a)(1) of the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton