**CITY OF HOUSTON and the State of Texas, Appellants,**

v.

**WILLOW RUN PUBLIC SERVICE, INC., et al., Appellees.**

**No. 01–85–0897–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 14, 1986.

Jim Mattox, Atty. Gen., Austin, Mary F. Keller, Executive Asst. Atty. Gen. for Litigation, Nancy N. Lynch, Chief, Environmental Protect. Div., Susan M. Theisen, Asst. Atty. Gen., Environmental Protection Div., Austin, for appellants.

Howard A. Lang, Jr., Donisi & Lang, Houston, for appellees.

Before LEVY, DUGGAN and HOYT, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a judgment establishing a permanent injunction and assessing civil penalties against appellee with respect to violations of a permit issued under Chapter 26 of the Tex.Water Code Ann. secs. 26.001 et seq. (Vernon Supp.1986).

Willow Run Public Services, Inc. ["Willow Run"], is the owner of a sewage treatment plant located within the City of Houston, operating under a permit issued by the Texas Water Commission for the discharge of treated municipal sewage. On at least 300 occasions in the four years prior to trial, Willow Run was found to have violated its permit and the Texas Water Code by exceeding the limits set by its permit, as well as violating several reporting, testing, and maintenance requirements. Willow Run also permitted new connections to the

plant knowing that it would overload the plant.

However, from the record, it appears that Willow Run's numerous violations were in part attributable to circumstances neither created nor controlled by Willow Run. Growth and development of the service area caused an unanticipated increase in the volume of incoming raw sewage, which was greater than the facility's treatment design capacity to treat efficiently. Financial difficulties occurred and were exacerbated by problems with various governmental entities.

The State appeals only the provision of the judgment pertaining to civil penalties and not the injunctive provisions. No cross-appeal has been filed by Willow Run.

The penalty portion of the judgment is as follows:

> The City of Houston and the State of Texas shall have judgment against Willow Run (probated as provided in the following paragraph) in the amount of $10,000. The penalty shall be paid in the form of two cashier's checks each in the amount of $5,000. One check shall be payable to the City of Houston and the other shall be payable to the State of Texas. The checks shall be delivered to the attorneys for their respective payees (at the street addresses listed on the signature page or pages of this Final Judgment) no later than noon on April 30, 1986.

> Notwithstanding the foregoing, Willow Run shall not be required to pay a civil penalty if at a hearing to be held at 9:00 a.m., April 22, 1986, it demonstrates that from January 1, 1986 through March 31, 1986, it has been in full compliance with all terms of the attached Permit No. 10699–01, issued on November 20, 1984 by the Texas Water Commission.

The question of our jurisdiction of this appeal presents itself for our consideration and, being persuaded by the court's disposition of similar questions presented in *City of Garland v. Futerfas*, 665 S.W.2d 140 (Tex.App.—Dallas 1983, no writ), we conclude that we have none.

We hold that the judgment of the trial court is essentially interlocutory, and not appealable, because it does not finally dispose of all of the issues; namely, whether the statutory civil penalty is "probated" or imposed and, if imposed, in what amount? Further action by the trial court was contemplated and still remains necessary to settle and determine the entire controversy; hence, the trial court's judgment is not "final." A final disposition by the trial court was waived by the appellant pending appeal when it cancelled the compliance hearing described above, which had been set for April 22. A judgment that is to become effective only upon the happening of some future contingency cannot by its very terms dispose of all parties and all issues. *See Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). Without a final resolution by the trial court, any construction we place on Tex. Water Code Ann. sec. 26.122 (Vernon Supp.1986) would be premature and advisory in nature.

We accordingly dismiss the appeal, without prejudice, for lack of jurisdiction.