**PILOT ENGINEERING CO., Inc., et al.,**
**Appellants,**

v.

**Dale ROBINSON, Appellee.**

**No. 5053.**

Court of Civil Appeals of Texas,
Waco.

Aug. 19, 1971.

**312**

Thompson, Coe, Cousins, Irons & Porter, Frank Perry, Larry L. Gollaher, Dallas, for appellants.

Shipp & Crooks, Stanley S. Crooks, Hampton & Seward, R. B. Seward, Dallas, for appellants.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court requiring appellant to place existing cashier's checks in the amount of $10,000 into the registry of the court.

Appellee Robinson, owner of one-third interest in Pilot, sued Appellant Pilot and the other two owners, for an accounting and damages, and requested a receiver be appointed over the assets and business of Pilot. After hearing on the request for receivership the trial court denied request for receivership, but ordered appellants to place existing cashier's checks in the amount of $10,000 into the registry of the court. The cause is pending on its merits.

Appellant appeals contending the trial court's order was in fact a mandatory temporary injunction appealable under Article 2257 and 4662 V.A.T.S.; that such order was entered without giving the reasons therefor, and without bond; for which reasons it must be vacated.

Appellee has filed Motion to Dismiss appeal asserting it is one from an interlocutory order, not appealable under any statute, and that this court has no jurisdiction.

The order appealed from ordered "defendants, both corporate and individual, place the sum of $10,000. now outstanding in cashier's checks from the account of Pilot Engineering Co., Inc., into the Registry of this Court * * *".

An order directing a party to deliver certain described personal property is "in effect a mandatory injunction", and is appealable. Whatley v. King, Tex.S.Ct., 249 S.W.2d 57.

The order here appealed from was thus a temporary mandatory injunction and appealable. It did not state the grounds upon which it was issued as required by the mandatory provisions of Rule 683 Texas Rules of Civil Procedure; State of Texas v. Cook United, Inc., Tex. S.Ct., 464 S.W.2d 105; was entered without requiring that appellant make bond as required by Rule 684 T.R.C.P.; Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303 and is void. Appellants' contention is sustained.

The judgment is reversed, the order vacated, and the cause remanded.

Reversed and remanded.