**CITY OF GARLAND, Appellant,**

v.

**Larry FUTERFAS and Glenn Galloway, Appellees.**

**No. 05–83–01010–CV.**

Court of Appeals of Texas, Dallas.

Dec. 2, 1983.

Charles M. Hinton, Jr., City Atty., James R. Jordan, Asst. City Atty., Garland, for appellant.

Peter G. Smith, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

On our own motion we have inquired of counsel whether the order appealed from is appealable. After considering the responses of all parties, we conclude that it is not subject to review because it is an interlocutory permanent injunction. Consequently, we dismiss the appeal for lack of jurisdiction.

This is a nuisance action brought by the City of Garland against the owners and the former lessee of certain property. In addition to their injunctive relief, costs and general relief, plaintiff City of Garland sought from the defendants damages and penalties under the Texas Solid Waste Disposal Act, TEX.REV.CIV.STAT.ANN. art. 4477–7 (Vernon Supp.1982–83). Additionally, intervenor Texas Department of Water Resources sought penalties under that Act and also under the Texas Water Quality Control Act, TEX.WATER CODE ANN. §§ 26.001–26.307 (Vernon Supp.1982–83). Article 4477–7(8) of the Solid Waste Disposal Act provides for civil penalties, criminal penalties and imprisonment. Sections 26.-122 and 26.123 of the Texas Water Code provide for civil penalties of not less than $50 nor more than $1,000 for each day and each act of violation.

By an order signed on July 8, the trial court determined responsibility for clean-up of the property in question and granted a mandatory injunction requiring abatement of the nuisance. The trial court found among other things that the former lessee was responsible for actions that resulted in the nuisance and was responsible for the abatement of the nuisance on all the property; that the landowners did not cause, allow, suffer or permit the discharge of solid waste in violation of Article 4477–7 on their land, but that they were responsible for abatement of nuisance thereon; that the landowners did not own a certain strip of property and, therefore, they are not responsible for the abatement of the nuisance that exists thereon. The order provides that failure to abate the nuisance by the defendants would subject the non-complying party to fines of not more than $25,000 and imprisonment of not more than six months. All matters of "civil fines or criminal fines" pursuant to article 4477–7 were specifically reserved for a later hearing before the court.

On July 29 the court entered a second order after finding a need to establish guidelines for abatement of the nuisance. This order made the injunctive provisions more specific but did not change the permanent nature of the injunction. This order set a date for a final report back, provided that noncompliance by the defend-

ants would result in a fine of $250 per day, incorporated the order of July 8, and provided that nothing contained in the later order should be construed to overrule the prior order unless expressly so stated. Plaintiff city has attempted to perfect a limited appeal from portions of the order of July 8 in which the court found that the landowners did not own and were not responsible for the abatement of nuisance on a strip of land and that the landowners did not cause, allow, suffer or permit the discharge of solid waste on their land in violation of Article 4477–7.

■ In response to our inquiry, the city contends that the order in question is appealable either as a final order or as an order granting a temporary injunction. We conclude that it is neither. Ordinarily, if a claim is raised by pleading but has not been expressly disposed of by the judgment, the judgment will be construed on appeal as denying relief on that claim. *Windmill Dinner Theatre of Dallas, Inc., et al. v. Hagler*, 582 S.W.2d 585 (Tex.Civ.App.—Dallas 1979, writ dism'd). It will be presumed that the court intended to and did dispose of all issues raised by the pleadings of parties legally before it. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). This presumption and construction applies to the state water department's request for civil penalties under sections 26.122 and 26.123 of the Texas Water Code.

■ A different conclusion must be reached, however, with respect to the state's and city's claims for penalties under article 4477–7. Even though the court finds that the landowners did not cause, allow, suffer, or permit the discharge of solid waste in violation of article 4477–7, the order of July 8 does not completely dispose of the city's claim for penalties under that article, but expressly reserves these claims for a later hearing. The city alleges violation of section 8(a), which encompasses more than the discharge of solid waste. The city also seeks criminal penalties under section 8(c), alleging that defendant's conduct in suffering, allowing, or per-

mitting the processing or storage of hazardous wastes constitutes knowing endangerment. The order of July 8 does not sever these claims from the injunction proceeding, and neither does the order of July 29, which reaffirms the order of July 8. Therefore, we cannot hold that the city's claims for civil and criminal penalties have been disposed of by implication.

■ The relief granted by the order appealed from is not temporary in the sense that it is effective only until a trial on the merits. Neither does the order provide that a part of the injunctive relief sought is denied until further hearing. Rather, it determines the merits of the claim for injunction, grants part of the injunctive relief requested permanently, and denies part of it permanently. The order, however, remains interlocutory because not all claims have been disposed of. Consequently, we hold that the order is neither an appealable temporary injunction nor a final appealable judgment. *Aloe Vera of America, Inc. v. CIC Cosmetics International Corp.*, 517 S.W.2d 433 (Tex.Civ.App.—Dallas 1974, no writ).

Our holding is not based on the provisions of the order concerning a later hearing to determine whether fines should be imposed for violation of the order. Such fines, however, are to be distinguished from the penalties imposed by statute for which liability may arise regardless of whether injunctive relief is granted. Neither the granting of injunctive relief nor the prospective and contingent imposition of contempt sanctions (whether or not proper under the law) excludes by implication recovery of the penalties sought.

Appeal dismissed.