**MILBERG FACTORS, INC., Appellant,**

v.

**HURWITZ–NORDLICHT JOINT VENTURE, et al., Appellees.**

**SHEFELMAN & NIX, ARCHITECTS, Appellant,**

v.

**HURWITZ–NORDLICHT JOINT VENTURE, et al., Appellees.**

Nos. 14016, 14017.

Court of Appeals of Texas, Austin.

June 13, 1984.

Rehearing Denied Sept. 19, 1984.

Don L. Baker, Law Offices of Baker & Price, Austin, for appellants.

Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellees.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

These are companion cases in which creditors of Lawrence N. Hurwitz attempted to attach Hurwitz' interest in a joint venture. Since both cases concern the same points of law, they will be considered together. Both cases involve appeals from the trial court's order dissolving writs of attachment and cancelling lis pendens notices on property held in the name Hurwitz-Nordlicht Joint Venture. Appellants, Milberg Factors, Inc. and Shefelman & Nix, Architects, creditors of Lawrence N. Hurwitz, have claims against Hurwitz for debts allegedly owed them. Pending the trial of their suits, Milberg and Shefelman & Nix obtained writs of attachment and filed lis pendens notices on a warehouse located in Williamson County. This warehouse is owned by Hurwitz-Nordlicht Joint Venture.

Appellees are ITT Diversified Credit Corp. and the Hurwitz-Nordlicht Joint Venture. Hurwitz previously had an interest in the latter. The joint venture owned the warehouse property in Williamson County at the time the attachments and lis pendens notices were filed. ITT, however, having previously acquired Hurwitz' interest in the

joint venture, intervened in the trial court, and filed a motion to dissolve the writs of attachment and to cancel the lis pendens notices. Upon the granting of the motion by the trial court, Milberg Factors, Inc. and Shefelman & Nix, Architects appealed. We will affirm the judgment of the trial court.

Mr. Hurwitz and Mr. Nordlicht were joint venturers in the Hurwitz-Nordlicht Joint Venture. In accordance with the written joint venture agreement, ITT was granted a security interest in Mr. Hurwitz' interest in the joint venture. Upon Mr. Hurwitz' failure to perform his agreement with ITT, ITT foreclosed in April 1983 and was the purchaser at a foreclosure sale of Mr. Hurwitz' interest. The creation of the security interest in favor of ITT was treated as a personal property transaction under the Texas Business & Commerce Code and thus was not recorded in the deed records of Williamson County. In fact, legal title to the property is still recorded in the name of the joint venture. In May 1983, the attachments and lis pendens notices were filed in that county by appellants thus frustrating an attempted sale of the property.

The threshold question presented is: Are joint venture assets subject to attachment or execution by a joint venturer's creditors, or is a joint venture a distinct legal entity, such as a corporation or partnership, whereby the assets of that entity may not be reached by the creditors of an individual member?

■ Creditors of individual partners cannot subject property owned by a partnership to their claims against the individual partners. Texas Rev.Civ.Stat.Ann. art. 6132b, § 25(2)(c)(1970) provides in part:

> A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership.

This statute also provides the exclusive procedure for reaching partnership assets by a creditor of an individual partner through an order charging the partner's interest.

(1) On due application to a competent court by any judgment creditor of a part-

ner (or of any other owner of an interest in the partnership), the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner (or such other owner) with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner (or such other owner) might have made, or which the circumstances of the case may require.

(2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:

(a) With separate property, by any one or more of the partners, or

(b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.

(3) Nothing in this Act shall be held to deprive a partner (or other owner) of his right, if any, under the exemption laws, as regards his interest in the partnership. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 28 (1970).

Appellants argue at length that the joint venture in which Hurwitz had an interest is not a partnership and not a legal entity; therefore, Hurwitz' interest in the warehouse property was that of a joint tenant thereby subjecting his interest in the warehouse to attachment. Appellant cites us to *State of Texas v. Houston Lighting & Power Co.*, 609 S.W.2d 263 (Tex.Civ.App. 1980, writ ref'd n.r.e.) as authority for this proposition. In *Houston Lighting & Power* the State filed suit against the four owners of the South Texas Nuclear Project to establish taxation rights in 12,000 acres of land held in the name "South Texas Project." Under this arrangement, two private corporations and two governmental entities jointly owned the properties. The court held that the four participants were owners as tenants in common, noting that

the project was not a joint venture and thus not a separate legal entity since one of the legal requisites, an agreement to share profits, was missing. However, that case is readily distinguishable from the present case because here we have an agreement by the individual members of the joint venture, Hurwitz and Nordlicht, to share profits.

A joint venture and a partnership are not synonymous, and many joint ventures are not partnerships even though there may be a sharing of profits. The relationship of partners and joint venturers is contractual in nature, and whether a joint venture or a partnership exists depends, in part, upon the intention of the parties. As between the parties, a court should not declare the existence of either unless the intention clearly appears. *C.C. Roddy, Inc. v. Carlisle*, 391 S.W.2d 765 (Tex.Civ.App.1965, writ ref'd n.r.e.).

A joint venture is a legal entity. *Tex-Co Grain Co. v. Happy Wheat Growers, Inc.*, 542 S.W.2d 934, 936 (Tex.Civ.App. 1976, no writ). The four elements of a joint venture are a community of interest, an agreement to share profits, an agreement to share losses, and a mutual right of control. *Id.* Appellants argue that the mutual right of control is missing here. The trial court impliedly found that a joint venture existed and the evidence supports this finding. The requirement of mutual control will not preclude a joint venturer from delegating the duties of management to another joint venturer. Here, the joint venture agreement provides that the same is to be governed by partnership rules. Certainly, Hurwitz had no right to convey the warehouse property without the consent and joinder of his other joint venturer. A writ of attachment cannot be had against property of the joint venture since it is not property of the debtor that is subject to execution and not property which the debtor can pass title by his sole act. *Shaw v. Frank*, 334 S.W.2d 476 (Tex.Civ.App.1959, no writ).

The trial court correctly dissolved the writ of attachment at a time when the debtor had no interest in the joint venture property. When appellants obtained their attachment in May of 1983, Hurwitz' interest in this property had previously been foreclosed and purchased in April 1983 by appellee ITT. Appellants' counsel had actual notice of the conveyance of the debtor's interest in the warehouse to appellee. Further, the assignment of interest was not subject to real property recording requirements because Hurwitz' interest was personalty, not realty. *Johnson v. Darr*, 114 Tex. 516, 272 S.W. 1098 (1925).

Finally, the argument by appellants that the trial court erred in cancelling the lis pendens notices because, according to appellant, the suit involved title to or an interest in real property, is not well taken. The suits against Hurwitz were for debt. A lis pendens notice is authorized only when there is a pending suit directly involving real property. It is not authorized when, as in this case, there is only a collateral question that might ultimately affect real property. *Lane v. Fritz*, 404 S.W.2d 110, 112 (Tex.Civ.App.1966, no writ).

We overrule appellants' points of error and affirm the judgment of the trial court dissolving the writs of attachment and cancelling the lis pendens notices.