**Michael WERNEKE, et ux., Appellant,**

v.

**Robert SEABURY, Seabury Homes, Inc., Robert Seabury Co. and McKenney-Seabury Co., Appellees.**

**No. 2–86–102–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 3, 1986.

Clayton Kramer, Wichita Falls, for appellants.

Nutt, Brooks & Campbell, and C. Dan Campbell, Wichita Falls, for appellees.

Before HOPKINS, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

The Wernekes appeal from a summary judgment granted in favor of one of the defendants in the trial court below. The summary judgment cancelled the notice of lis pendens filed by Werneke, as notice of their pending suit against appellees involving an allegedly fraudulent conveyance. The Wernekes' point of error is not decided, as this court is without jurisdiction to hear this interlocutory appeal.

As a result, the appeal is dismissed for lack of jurisdiction.

Werneke is a judgment creditor of Seabury Homes, Inc. Specifically, Mr. and Mrs. Werneke filed a previous lawsuit against Seabury Homes, Inc., alleging a deceptive trade practice act violation. That suit resulted in a judgment in favor of the Wernekes in the approximate amount of $69,000.00. After the jury verdict was entered but before the judgment was entered, a foreclosure sale was conducted, which resulted in the sale of one of Seabury Homes' tracts of land. McKenney-Seabury Co. was the purchaser at the foreclosure sale and also held the deed of trust on the property.

Thereafter, the Wernekes brought suit against Seabury Homes, Inc., McKenney-Seabury, and others, alleging that the foreclosure sale constituted a fraudulent conveyance. The Wernekes claim that Seabury Homes and McKenney-Seabury are related companies with the controlling shareholder being Robert Seabury. Additionally, the Wernekes claim that the tract of land which was the subject of the sale is the primary asset of Seabury Homes, which is otherwise insolvent.

After this lawsuit was filed, the Wernekes also filed a notice of lis pendens on the property pursuant to TEX.PROP. CODE ANN. sec. 12.007 (Vernon 1984). McKenney-Seabury filed a motion for summary judgment, asserting that the notice of lis pendens was not proper as this fraudulent conveyance suit only collaterally affected title to the tract.

The trial court granted McKenney-Seabury's motion for partial summary judgment and entered an order cancelling the notice of lis pendens. The underlying action on the fraudulent conveyance remains undecided. Additionally, other parties plaintiff and defendant remain in the underlying lawsuit.

The Wernekes candidly admit that the granting of motion for summary judgment is neither a final order nor falls within the statutory exceptions for interlocutory appeals. Instead, they assert that the granting of the summary judgment operates as the functional equivalent of the overruling of a temporary injunction. They further argue that this court must look past the form of the order to its actual substance in determining whether the order is appealable.

We hold that the granting of a partial summary judgment is not an appealable order and as a result, this court does not have jurisdiction to review the trial court's action. However, we recognize that an order cancelling lis pendens can be appealed given the correct circumstances. *Hughes v. Houston Northwest Medical Center*, 647 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.]

1982, no writ); *Lane v. Fritz*, 404 S.W.2d 110, 112 (Tex.Civ.App.—Corpus Christi 1966, no writ). However, the facts in this case are distinguishable from those cases. For example, the *Hughes* case dealt with an appeal from a trial court order granting what amounted to a temporary injunction. Temporary injunctions are expressly appealable by statute. TEX.CIV.PRAC. & REM.CODE ANN. sec. 51.014(4) (Vernon 1986). The *Lane* case did involve an appeal of a summary judgment. However, the summary judgment in that case was a final judgment and not a partial summary judgment as in the instant case.

The Wernekes further argue that the effect of the partial summary judgment in this case, is the same effect as an order denying or dissolving a temporary injunction. Specifically, Wernekes contend that a notice of lis pendens functions in the same manner as a temporary injunction, "forbidding the sale of the property." In support of this argument, the Wernekes cite *Whatley v. King*, 151 Tex. 220, 249 S.W.2d 57 (1952) and *Pilot Engineering Co. v. Robinson*, 470 S.W.2d 311 (Tex.Civ.App.—Waco 1971, no writ). We do not believe that the court's order granting a partial summary judgment can be construed as an order overruling a temporary injunction. At the outset, a notice of lis pendens cannot be construed as a temporary injunction. Temporary injunctions are issued by court orders which contain mandatory safeguards. TEX.CIV.PRAC. & REM.CODE ANN. sec. 65.021 (Vernon 1986). In marked contrast to the procedural complexities of the injunction statute, lis pendens is a fairly simple device enacted as part of the property code. Specifically, lis pendens is a signed statement by an attorney stating the particulars of the underlying cause of action. The court is not involved in either the filing or the issuance of the notice of lis pendens. In fact, the county clerk with whom the notice is filed, must file the notice of lis pendens without further inquiry. TEX. PROP.CODE ANN. sec. 12.007 (Vernon 1984).

The *Whatley* and *Pilot Engineering* cases are clearly distinguishable. In *Whatley,* the Supreme Court found that a court order, directing appellant to turn over property to appellees was a mandatory injunction and appealable. However, the Supreme Court went on to say that the court's order contained "all the elements of finality so far as the petitioner is concerned." The instant case is clearly distinguishable. First, the trial court issued no order requiring action or prohibiting action on behalf of the Wernekes. Second, the order is clearly not final. The *Pilot Engineering* case is also distinguishable. In that case, the appellant was ordered to pay a sum of money into the registry of the court pending final litigation of the lawsuit. As a result, the Eastland Court of Appeals had no problem in finding that the order was a temporary mandatory injunction. The facts in the instant situation are not comparable. An order granting or cancelling a notice of lis pendens is not in the form of an injunction. We recognize that the injunction and lis pendens statutes are co-equal, designed by the legislature to accomplish differing purposes. Lis pendens is designed merely to protect innocent buyers from purchasing land subject to litigation. *Kropp v. Prather,* 526 S.W.2d 283, 287 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). In essence, lis pendens promotes the alienability of land because it promotes certainty of title.

On the other hand, an injunction, with all of its procedural safeguards, would be an absolute prohibition to the alienability of land. Because it is such a harsh provisional remedy, the legislature has provided very specific safeguards for its use. In the instant case, the Wernekes could have applied for an injunction regarding the transfer of the subject tract of property. Wernekes' attorney frankly admitted in oral argument that this course of action was considered, but abandoned, due to the Wernekes' inability to post required bond.

As a result, this appeal is dismissed for lack of jurisdiction.