Dismissed and Memorandum Opinion filed May 7, 2009








Dismissed
and Memorandum Opinion filed May 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00269-CV

____________

 

ROBERT MARKS,
Appellant

 

V.

 

MEDFORD STARRATT, JR., GENESIS
PROPERTIES, L.P., BRIGHT STAR HOMES, INC., BRIGHTON ENTERPRISES, LTD.,
BELVEDERE ENTERPRISES, L.L.C., DABO INVESTMENTS, INC., and RAB EQUITIES, L.L.C., Appellees

 



 

On Appeal from the 506th District
Court

Waller County, Texas

Trial Court Cause No. 08-03-19294

 



 

M E M O R
A N D U M   O P I N I O N

This is
an attempted appeal from an order signed February 25, 2009, cancelling and
setting aside certain notices of lis pendens.  The clerk=s record was filed on April 8, 2009. 









Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if permitted by statute.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

On April
9, 2009, notification was transmitted to the parties of this court=s intention to dismiss the appeal for
want of jurisdiction unless appellant filed a response demonstrating grounds
for continuing the appeal on or before April 20, 2009.  See Tex. R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this court has jurisdiction over the appeal. 

Appellant claims that an order cancelling notices of lis
pendens is an appealable order, citing to Khraish v. Haden, 762 S.W.2d
906 (Tex. App.BDallas 1988, writ denied), Hughes v. Houston
Northwest Med. Center, 647 S.W.2d 5 (Tex. App.BHouston [1st
Dist.] 1982, writ dism=d), and Moran v. Midland Farms Co.,
282 S.W. 608 (Tex. Civ. App.BEl Paso 1926, no writ).  We find Hughes
and Moran distinguishable because they involved orders enjoining the
appellant from filing notices of lis pendens.  By statute, temporary
injunctions are appealable interlocutory orders.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4)
(Vernon 2008).  The order in this case does not grant a temporary injunction.

Khraish did involve an order with language that enjoined
future actions, but the appellate court found this was not an appealable
temporary injunction.  762 S.W.2d at 909.  The court dismissed the appeal,
finding that the notices of lis pendens were void as they were not in
compliance with the requirements of section 12.007 of the Texas Property Code. 
Id.  Appellant interprets Khraish to hold that an order
cancelling notices of lis pendens is appealable if those notices complied with
section 12.007.  We disagree with this interpretation because it would allow an
appeal from an interlocutory order without statutory authority. 








We find no statutory authority for an appeal of an
interlocutory order cancelling notices of lis pendens.  See Werneke v.
Seabury, 720 S.W.2d 886, 887 (Tex. App.BFort Worth 1986,
no writ)(dismissed appeal for want of jurisdiction where appellants attempted
to appeal an interlocutory, partial summary judgment order that cancelled a
notice of lis pendens); Nwangwu v. Dinkins, No. 14-97-01100-CV, 1997 WL
688943 at *1 (Tex. App.BHouston [14th Dist.] Nov. 6, 1997, no
pet.)(holding that appellate court had no jurisdiction in appeal from order
cancelling lis pendens, but noting it could be subject of mandamus proceeding).

Because no statute allows appeal from an interlocutory
order that cancels a lis pendens, this court has no jurisdiction to entertain
the appeal.  Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

 

Panel consists of Justices
Anderson, Guzman, and Boyce.