

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERTO ANTONIO HERNANDEZ, | § | |
| Appellant, | § | No. 08-22-00178-CV |
| v. | § | Appeal from the |
| PRESTON BROWN, VALENTINA SAMANIEGO, ODD COUPLE PROPERTIES, LLC, CRUSADES REALTY INVESTMENTS AND ENTRUST CAPITAL FUNDING, LLC, | § | 327th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2022DCV1929) |
| Appellees. | § | |

## MEMORANDUM OPINION

Appellant Roberto Hernandez appeals from the trial court's September 9, 2022 order expunging two lis pendens. Generally, an appeal may be taken from a final judgment. *See Lehmann v. Har–Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN.§51.014. A judgment is final if it actually disposes of all claims and parties before the court or states so with unmistakable clarity. *Bison Building Materials, Ltd. v. Aldrige*, 422 S.W.3d 582, 585 (Tex. 2012).

Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). There is no final judgment in this case, and we find

no statutory authority for an appeal of an interlocutory order expunging lis pendens. *See Khraish v. Hamed*, 762 S.W.2d 906, 907 (Tex.App.—Dallas 1988, writ denied); TEX.CIV.PRAC.&REM.CODE ANN.§ 51.014. To the extent Appellant asserts he is appealing the dissolution of a temporary injunction, we find this assertion to be unsupported by the record and Appellant's notice of appeal.[1] While an order cancelling a lis pendens may be construed as a temporary injunction under some circumstances, no restricting language amounting to a temporary injunction appears in the trial court's order at issue in this case. *Id.*; *see also Hughes v. Houston Northwest Medical Center*, 647 S.W.2d 5, 7–8 (Tex.App.—Houston [1st Dist.] 1982, no writ)(reversing an order cancelling a lis pendens which also enjoined plaintiffs from maintaining further lis pendens during the action).

## **CONCLUSION**

Appellees' motion to dismiss interlocutory appeal is granted, and we dismiss this appeal for want of jurisdiction.


YVONNE T. RODRIGUEZ, Chief Justice

October 26, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] Appellant's response to Appellees' motion to dismiss this interlocutory appeal contains exhibits and attachments which we do not consider in our disposition. *See* TEX.R.APP.P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.").